IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TALRIS T BROWN,

    Plaintiff,

v.                                 CASE NO. 5:13-cv-366-RS-GRJ

GARY MCGEE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, is alleging civil rights violations by officials while he was confined at the Calhoun County Jail. (Doc. 26.) On September 18, 2014, the Court directed service on Plaintiff's behalf as to several defendants, including Defendant Andrew Godwin. (Doc. 27.) On October 8, 2014, the summons for Defendant Godwin was returned unexecuted, with a note that he no longer works for the Calhoun County Jail. (Doc. 29.) The Court then directed the Calhoun County Sheriff's Office to provide the United States Marshals Service (USMS), in confidence, with the last known address of Defendant Godwin. (Doc. 34.) The Sheriff's Office subsequently notified the Court that it was providing the USMS with Defendant Godwin's last known address in confidence. (Doc. 37.) The Court directed service, but the USMS notified the Court that the Sheriff's Office only provided them with information that Defendant Godwin had moved to Texas, and there was no forwarding address. (Doc. 39.)

On November 7, 2014, the Court directed Plaintiff to provide an address for Defendant Godwin so that service could be attempted again. (Doc. 40.) Plaintiff was

given a December 8, 2014 deadline to provide the Court with an address, and was warned that failure to comply with the Court's Order would result in a recommendation that the case be dismissed as to Defendant Godwin.

Plaintiff failed to respond to the Court's order directing him to supply an address so that Defendant Godwin may be served. On December 12, 2014, the Court issued an Order to Show cause directing Plaintiff to show cause why Defendant Godwin should not be dismissed. (Doc. 44.) Plaintiff has also failed to respond to the show cause order.

Defendant Godwin has still not been served. Fed. R. Civ. P 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice as to that defendant or order that service be made within a specified time." Plaintiff provided his second amended complaint to prison officials for mailing on September 10, 2014, and the 120-day deadline has now passed on January 8, 2015.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendant Godwin be dismissed without prejudice for failure to timely serve Defendant Godwin pursuant to Fed. R. Civ. P. 4(m).

**IN CHAMBERS**, at Gainesville, Florida, this 14th day of January 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 5:13-cv-366-RS -GRJ*

## NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**