IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TALRIS T BROWN,

    Plaintiff,

v.                                                            CASE NO. 5:13-cv-366-RS-GRJ

OFFICER GARY MCGEE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are Defendants' motions to dismiss, or in the alternative, for summary judgment. Docs. 45, 49, 57. Defendants move to dismiss the Complaint for failure to exhaust administrative remedies before filing suit, or in the alternative, because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has responded in opposition to the motions and therefore they are ripe for consideration. Docs. 61, 62. For the following reasons, the undersigned recommends that Defendants' motions to dismiss be granted, and the case dismissed.

## STANDARD OF REVIEW

**A. Motion to Dismiss Standard**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### B. Exhaustion Requirement

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022,

1024-25 (7th Cir. 2002)).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). "Where exhaustion–like jurisdiction, venue, and service of process–is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record." *Bryant*, 530 F.3d at 1376. Affording the district court this discretion advances the purposes of the PLRA: "Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement[.]" *Id.* at 1376-77 (internal citations omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

However, the Eleventh Circuit has held that "a prison official's serious threats of

substantial retaliation against an inmate for lodging or pursuing a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement . . ." *Turner*, 541 F.3d at 1085. To qualify for this exception from the exhaustion requirement, two conditions must be met: "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievances process that the inmate failed to exhaust." *Id.*

## ALLEGATIONS OF THE COMPLAINT

The events underlying the Complaint arise from an incident on January 22, 2010, while Plaintiff was confined at the Calhoun County Jail, nearing the end of his sentence. At about 5:25 a.m., feeding time, several inmates began to complain about the food being served cold and uncooked. Because the inmates were causing an "uproar," Officer Godwin,[1] the only officer on duty at the time, told an inmate trustee to call 911 to dispatch other officers to the jail.

Officer Patrick Crawford and Deputy Gary McGee arrived on the scene. Plaintiff "was following orders" by Defendant McGee to bring him a mop stick that was in his cell, but then, according to Plaintiff, Defendant McGee used his Taser on Plaintiff for a full five second cycle, and hit him while Defendant Crawford and Officer Godwin stood by. Plaintiff was then handcuffed and placed into the isolation cell. Plaintiff was transported to Calhoun Liberty Hospital and later, Tallahassee Memorial Hospital for

---

[1] Officer Godwin has been dismissed as a Defendant. Docs. 52, 60.

evaluations of his injuries, including a broken blood vessel on the left side of his head.

Plaintiff alleges he was "immediately release" by Defendant Captain Ken Futch at the emergency room. After his release, he was charged with aggravated assault with a deadly weapon, resisting with violence, and interdiction of contraband into a correctional facility. Doc. 26.

## DISCUSSION

Defendant Crawford's motion and exhibits, which were adopted by Defendants Futch and McGee, set forth uncontroverted facts showing that Plaintiff failed to exhaust his administrative remedies as to his claims in this case prior to filing suit. The affidavit of Trevor Ramos, Jail Administrator, reflects that Plaintiff was incarcerated at the Jail from the time of the incident on January 22, 2011, until he was transferred to the Department of Corrections on June 23, 2011, and that during this time period, he filed no grievances of any kind with the Jail. Doc. 45 at 15. The Calhoun County Jail has in place a grievance procedure in which inmates are required to complete an Inmate Request Form. The grievance is reviewed by a Jail supervisor who is required to make an inquiry into the matter within 48 hours. The results are reviewed by the Jail Administrator and forwarded to the inmate, at which time the inmate may appeal the result. *Id.* Because Plaintiff never utilized the grievance procedures, Jail officials never had the opportunity to consider and address Plaintiff's complaints prior to the filing of this suit.

In opposition to the motions to dismiss, Plaintiff largely reiterates the factual allegations of his complaint. Plaintiff does not suggest that he completed the administrative remedy process with regard to the claims in the complaint. Rather,

Plaintiff alleges that he was "serious threaten of substantial retaliation against the Plaintiff for wanted to exhaust his administrative remedies." Doc. 61 at 2. He alleges that when he asked about filing a grievance, Defendant Futch told him that there were no grievances, and to leave it alone "before someone get hurt." *Id*.

Although "a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement . . ." Plaintiff has not met the conditions set forth in *Turner* so as to lift the exhaustion requirement. *Turner*, 541 F.3d at 1085. To qualify for this exception from the exhaustion requirement, two conditions must be met: "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievances process that the inmate failed to exhaust." *Id.*

Even assuming that the single threat Plaintiff has alleged – that Defendant Futch told him to leave the matter alone before someone got hurt – did deter Plaintiff from lodging a grievance, Plaintiff has not shown that such a threat, made on one occasion during months-long incarceration, would deter a reasonable inmate of ordinary firmness from pursuing the grievance process. Plaintiff provides no explanation why he did not ask another officer about the grievance process, or simply attempt to file a grievance while Defendant Futch was not present.

On this record, it is clear that Plaintiff failed to comply with the Jail's administrative remedy process before filing this suit. Pursuant to the PLRA, this case

must be dismissed for failure to exhaust administrative remedies. See Jones, 549 U.S. at 211.

Even assuming *arguendo* that the single threat by Defendant Futch against Plaintiff excused his failure to exhaust the available administrative remedies, Plaintiff's claims, nonetheless, are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Pursuant to Heck plaintiffs are barred from pursuing § 1983 actions that, if successful, would necessarily imply the invalidity of a plaintiff's conviction. Defendants have submitted records showing that Plaintiff was convicted of aggravated assault on a law enforcement officer, and resisting a law enforcement officer with violence. Doc. 45 at 17-37. Because the Court may take judicial notice of Plaintiff's convictions pursuant to Fed. R. Evid. 201(b), it is unnecessary to convert the motion into a motion for summary judgment.

In considering whether a § 1983 claim is Heck-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. See Edwards v. Balisok, 520 U.S. 642, 646-48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, Heck kicks in and bars his civil suit." Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003). This Court has previously noted:

> It of course is possible for an excessive-force action and a battery conviction to coexist without running afoul of Heck. When, for example, a plaintiff admits that he hit a law enforcement officer but asserts that the officer responded with excessive force, there is no Heck problem-a finding that the officer employed excessive force would not impugn the plaintiff's battery conviction. But when the theory of the plaintiff's excessive-force case is that he never hit the officer and that the officer attacked him without provocation, the plaintiff, in effect, is mounting a collateral attack on his battery conviction, which Heck does not allow.

*Harvey v. Teal*, Case No. 5:08-cv-339-RH-AK, 2010 WL 427434, at *2 (N.D. Fla. 2010) (citing *Dyer v. Lee,* 488 F.3d 876, 882-84 (11th Cir. 2007); *Smith v. Towery,* 79 F.3d 951, 952-53 (9th Cir. 1996); *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)).

The instant case is similar to *Harvey*, where the plaintiff's theory of his excessive-force claim (which came after his conviction for aggravated battery on a corrections officer) was that he never hit the officer and was attacked without provocation. The Court concluded in *Harvey* that the plaintiff's version of events wherein he did not hit the officer would in fact imply the invalidity of his conviction, and therefore *Heck* barred his claims. *Harvey,* 2010 WL 42734, at *3.

Similarly, here, Plaintiff alleges that the excessive force was entirely unprovoked, and he was simply "following orders" by bringing Defendant McGee a broken mop stick when Defendant McGee deployed a Taser on him and hit him with his fists, while Defendant Crawford and Officer Godwin stood by the door watching. Plaintiff of course was convicted of resisting an officer with violence and aggravated assault on a law enforcement officer with a deadly weapon. Thus, to demonstrate that Plaintiff was guilty of aggravated assault on a law enforcement officer with a deadly weapon, the state had to establish that the assault was with a deadly weapon with intent to do violence to a law enforcement officer. And to prove the offense of resisting a law enforcement officer with violence the state would have to show that Plaintiff knowingly and willfully resisted, obstructed or opposed the officer in the lawful execution of a legal duty, by offering or doing violence to the person of such officer. Fla. Stat. § 843.01.

Thus, if the Court were to accept Plaintiff's version of the events — i.e. that he

was compliant and the attack was unprovoked — Plaintiff's convictions for aggravated assault and resisting an officer with violence would be invalidated.

Accordingly, the Court concludes that Plaintiff has "voluntarily steered [his case] into *Heck* territory by making specific factual allegations in the complaint that were inconsistent with the facts upon which is criminal conviction . . . was based." *Hayward v. Kile*, 2009 WL 2045923, at *1 (S.D. Ga. 2009); *see also LaFlower v. Kinard*, 2011 WL 2183555, at *3 (M.D. Fla. 2011) (finding excessive-force claim barred by *Heck* where "Plaintiff's basis for this action is wholly inconsistent with the facts up on which the disciplinary conviction is based" and a judgment in favor of Plaintiff finding that the attack was without provocation would necessarily imply the invalidity of the conviction).

Accordingly, because Plaintiff alleges that the excessive force was unprovoked and his version of the facts, if proven true, would necessarily imply the invalidity of his convictions, his suit is barred by *Heck*.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions to dismiss, Docs. 45, 49, 57, should be **GRANTED** and this case should be **DISMISSED** for failure to exhaust administrative remedies before filing suit and because it is barred by *Heck*.

IN CHAMBERS this 9th day of April, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.